**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0719n.06

No. 10-1755

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Oct 19, 2011***

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE WESTERN DISTRICT OF |
| | ) | MICHIGAN |
| CHILON CLYDE MITCHELL, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: GILMAN, ROGERS, and STRANCH, Circuit Judges.

PER CURIAM. Chilon Clyde Mitchell appeals the district court's judgment of conviction and sentence.

A jury found Mitchell guilty of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The district court sentenced him to an effective prison term of 120 months.

On appeal, Mitchell argues that there was insufficient evidence to support his conviction for possessing a firearm in furtherance of a drug trafficking crime. We review *de novo* a challenge to the sufficiency of the evidence supporting a criminal conviction. *United States v. Fisher*, 648 F.3d

442, 450 (6th Cir. 2011). "The relevant inquiry is whether, 'viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original). "To prove the possession was in furtherance of the drug trafficking crime, the Government must show a specific nexus between the gun and the crime charged and that the firearm was strategically located so that it is quickly and easily available for use." *United States v. Ham*, 628 F.3d 801, 808 (6th Cir. 2011) (internal quotation marks omitted). "Other factors to consider include: (1) whether the gun was loaded, (2) the type of weapon, (3) the legality of its possession, (4) the type of drug activity conducted, and (5) the time and circumstances under which the firearm was found." *Id.* at 808-09 (internal quotation marks omitted).

The prosecution presented evidence that Mitchell acknowledged that he was the only person who lived at the residence where the firearms were discovered and that they belonged to him. One of the firearms was found in the same nightstand as a large amount of cash and near a distribution amount of crack cocaine. The other two firearms were discovered under the kitchen table in a bag that contained drug-distribution paraphernalia, and it appeared that powder cocaine had been cooked into crack cocaine on the kitchen table. An officer testified that the firearms in the bag were readily accessible to a person working at the kitchen table. All of the firearms were loaded handguns and, because Mitchell was a convicted felon, his possession of them was illegal. Further, officers had conducted a controlled purchase of crack cocaine from Mitchell at his residence and, shortly before the search that resulted in the discovery of the firearms, an officer observed short-term activity at the residence and Mitchell engaging in hand-to-hand transactions on his porch, all of which was

indicative of drug trafficking. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded that Mitchell possessed a firearm in furtherance of a drug-trafficking crime.

Accordingly, we affirm the district court's judgment.